23-6479
Pintado-Espinoza v. McHenry

BIA
Ling, IJ
A206 711 257

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

LUIS DARIO PINTADO-ESPINOZA,
> *Petitioner*,

v.                                                                          **23-6479**

                                                                            NAC

JAMES R. MCHENRY, III, ACTING
UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Michael Borja, Esq., Borja Law Firm, P.C.

Jackson Heights, NY

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Dario Pintado-Espinoza, a native and citizen of Ecuador, seeks review of an April 12, 2023 decision of the BIA affirming an August 7, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Luis Dario Pintado-Espinoza*, No. A206 711 257 (B.I.A. Apr. 12, 2023), *aff'g* No. A206 711 257 (Immig. Ct. N.Y. City Aug. 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo. See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Edimo-Doualla v. Gonzales*, 464 F.3d

2

276, 281–82 (2d Cir. 2006) (reviewing nexus determination as a finding of fact). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Pintado-Espinoza alleged that his wife's brother, a gang member, disapproved of their marriage and, in 2014, demanded money, beat, and threatened him because he was indigenous and his wife was not. We deny the petition because Pintado-Espinoza has abandoned review of the agency's dispositive nexus determination, and the agency applied the correct standard to his CAT claim; even if not abandoned, the agency did not err in concluding that he failed to establish a nexus between any past persecution or feared harm and a protected ground or that Ecuadorian authorities would be unwilling or unable to protect him..

## I.    Asylum & Withholding of Removal

An applicant for asylum or withholding of removal has the burden to establish either past persecution or a fear of future persecution, and that a protected ground is "one central reason" for that past or feared harm. 8 U.S.C. § 1158(b)(1)(B)(i); *see* 8 C.F.R. § 1208.13(b), 1208.16(b). In addition, where, as here, the harm was at the hands of private actors, the applicant has the burden to

3

establish that the government was "unable or unwilling to control" those actors. *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). These standards apply equally to asylum and withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (applying the one central reason standard to both asylum and withholding claims); *Huo Qiang Chen v. Holder*, 773 F.3d 396, 404 (2d Cir. 2014) ("Because the standard for withholding of removal is thus more demanding than that for asylum, it necessarily follows that an alien who cannot demonstrate eligibility for asylum also cannot demonstrate entitlement to withholding of removal.").

Because the BIA did not rely on the IJ's findings that Pintado-Espinoza's proposed particular social groups were not cognizable, those findings are no longer a basis for the decision under review, and we therefore do not address Pintado-Espinoza's arguments on that issue. *See Xue Hong Yang*, 426 F.3d at 522. The dispositive issues for asylum and withholding of removal are whether there was a nexus between the proposed protected grounds— Pintado-Espinoza's race, indigenous ethnicity, and the social groups he proposed based on those factors— and the harm suffered and feared, and whether he established that Ecuadorian authorities were unable and unwilling to protect him. Pintado-Espinoza's

4

arguments on those issues fail on multiple grounds.

First, Pintado-Espinoza has abandoned any challenge to the BIA's dispositive finding that he did not establish a sufficient nexus to a protected ground. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). He does not address how the agency erred in finding that his brother-in-law was motivated by personal animosity and criminal motives, rather than race or ethnicity.

Second, even if the challenge were not abandoned, the record does not compel a conclusion that his brother-in-law was motivated by a protected ground. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled a[] . . . finding different from that reached by the agency."). "Fears of retribution over purely personal matters or general conditions of upheaval and unrest do not constitute cognizable bases for granting asylum." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199 (2d Cir. 2021) (quotation marks and brackets omitted). And the record

5

reflects that despite his brother-in-law disapproving of his marriage in 2006, he suffered no harm until he refused his brother-in-law's demands for money in 2014; he did not allege that attackers said anything about his race or ethnicity. *See Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring an applicant "must provide some evidence . . . direct or circumstantial" to establish the persecutor's motive).

Third, substantial evidence supports the agency's alternative finding that Pintado-Espinoza failed to demonstrate that the Ecuadorian government was unable or unwilling to protect him. "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quotation marks omitted). Contrary to Pintado-Espinoza's contention, the BIA did not rely on *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B- I*"), but rather relied on *Scarlett v. Barr*, 957 F.3d 316, 328, 333 (2d Cir. 2020), and pre-*A-B- I* decisions. And this Court has upheld *Scarlett*'s interpretation of the unwilling-or-unable standard following the vacatur

6

of *A-B- I. See Singh*, 11 F.4th at 114–15. Pintado-Espinoza's allegation that the police failed to respond on one occasion does not alone establish that the government is unable or unwilling to control his brother-in-law. *See Scarlett*, 957 F.3d at 331 ("[T]he unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime." (quotation marks and brackets omitted)).

**II.    CAT Relief**

To succeed on a CAT claim, an applicant must show that he would "more likely than not" be tortured by or with the acquiescence of a government official. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1). Pintado-Espinoza contends that he needed to show only that the government was unable or unwilling to protect him, not that the government would acquiesce to his torture. To the contrary, the regulations require government involvement or acquiescence to state a CAT claim. *See* 8 C.F.R. § 1208.18(a)(1); *see also Scarlett*, 957 F.3d at 336 (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT"). He has otherwise abandoned his CAT claim because he does not challenge the

7

agency's findings that he failed to establish that he would "more likely than not" be tortured or that the government would acquiesce to his torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Debique*, 58 F.4th at 684.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8